UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL G. ORTIZ, *et al.*, | Civil No. 13cv 540 L(WVG) |
| Plaintiffs, | **ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS [doc. #3]** |
| v. | |
| METLIFE HOME LOANS, *et al.*, | |
| Defendants. | |

Defendant Metlife Home Loans[1] moves to dismiss the complaint in the above-captioned case for failure to state a claim. The motion was set for hearing on April 29, 2013. Under the Civil Local Rules, plaintiffs' opposition to defendant's motion was due on or before April 15, 2013. *See* CIV. L.R. 7.1.e.2. On April 22, 2013, defendant filed a reply noting that plaintiffs had failed to timely file their opposition.

On April 23, 2013, plaintiffs attempted to file a Notice concerning the motion to dismiss. However, the Notice was stricken for plaintiffs' failure to comply with a variety of procedural rules. (Discrepancy Order filed April 23, 2013.) Since April 23, 2013, plaintiffs have not sought to refile their Notice or any other document.

Plaintiffs, who are represented by counsel, have not opposed the motion nor have they

---

[1] Defendant UTLS Default Services, LLC has not been served with the complaint in this action. Accordingly, this action will be dismissed as to UTLS Default Services, LLC.

sought additional time in which to respond to the motion to dismiss.

Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court." When an opposing party receives notice under Federal Rule of Civil Procedure 5(b) and is given sufficient time to respond to a motion to dismiss, the Court may grant the motion based on failure to comply with a local rule. *See generally Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Here, plaintiffs were properly served with defendant's motion, which was filed on March 15, 2013, and therefore they had a month to oppose the motion. Because the motion to dismiss is unopposed, and relying on Civil Local Rule 7.1(f.3.c), the Court deems plaintiffs' failure to oppose defendant's motion as consent to granting it.

Based on the foregoing, **IT IS ORDERED** defendant's motion to dismiss the complaint is **GRANTED without prejudice**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:  May 16, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL